UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

    Plaintiff,

    v.

S. BURRIS, et al.,

    Defendants.

Case No. 13-cv-02506-JST (PR)

**ORDER OF PARTIAL SERVICE; DISMISSING CLAIMS WITHOUT PREJUDICE**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

1. <u>Retaliation Claim against S. Burris, J. Frisk, and R. Tupy</u>

Plaintiff alleges that on March 22, 2011 he filed an inmate grievance against PBSP Institutional Gang Investigator ("IGI") Officer S. Burris. According to the complaint, plaintiff filed the grievance in order "to try and get documentation of plaintiff's ineligibility for an 'inactive' gang status review." Plaintiff alleges that the CDCR's "inactive gang status review process" is non-mandatory. Plaintiff claims that Officer S. Burris, along with PBSP IGI Sgt. J. Frisk, and PBSP Lt. R. Tupy, retaliated against him for filing the inmate grievance by threatening and coercing plaintiff to participate in the inactive gang status review process, confiscating various writings and a drawing belonging to plaintiff, and issuing a false rules violation report ("RVR") accusing plaintiff of promoting gang activity.

Liberally construed, plaintiff's allegations state cognizable retaliation claims under section 1983 against S. Burris, J. Frisk, and R. Tupy because it is well established that prison officials may not retaliate against prisoners for filing inmate grievances. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

2. <u>Due Process Claim against S. Burris and J. Frisk</u>

Plaintiff also claims that S. Burris and J. Frisk violated plaintiff's due process rights by: (1) "failing to provide plaintiff with any notice that the inactive gang status review is a mandatory

2

process"; (2) failing to provide plaintiff with notice that the confiscated materials were prohibited; and (3) failing to "give plaintiff notice that plaintiff could be issued an [] RVR for promoting gang activity."

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs). A state may not impose such changes without complying with minimum requirements of procedural due process. See id. at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

Here, plaintiff does not allege any facts to suggest that the alleged failures to provide notice implicated a constitutional right. For example, he does not describe what, if any, discipline was imposed as a result of the alleged failures to provide notice. Nor does he allege facts suggesting that the alleged failures to provide notice resulted in any deprivation of a protected liberty interest under Sandin. Accordingly, the claim is dismissed with leave to amend.

        3.        Due Process Claim against R. Tupy

Plaintiff also claims that R. Tupy violated plaintiff's due process rights by finding him guilty of promoting gang activity at the RVR hearing, which finding was not supported by "some

3

1 evidence." Plaintiff was found guilty after the disciplinary hearing and assessed a thirty-day
2 forfeiture of credit.
3     The process due in a prison disciplinary proceeding includes written notice, time to prepare
4 for the hearing, a written statement of decision, allowance of witnesses and documentary evidence
5 when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are
6 complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). Due process also requires that there
7 be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445
8 472, 454 (1985). The Due Process Clause only requires that prisoners be afforded those
9 procedures mandated by Wolff and its progeny; it does not require that a prison comply with its
10 own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).
11     Liberally construed, the allegations of the complaint state a section 1983 claim against R.
12 Tupy for violating plaintiff's right to due process.
13     4.    Claims Relating to Hunger Strike
14     Finally plaintiff makes claims against a separate group of PBSP and CDCR officers for
15 retaliation and due process violations arising out of an October 2011 RVR, in which plaintiff was
16 found guilty of "Willfully Delaying / Obstruction of a Peace Officer." Plaintiff alleges the RVR
17 was issued in retaliation for plaintiff's hunger strike, protesting the condition of solitary
18 confinement. These claims are dismissed without leave to amend on the ground that they are
19 unrelated to the other claims. See Fed. R. Civ. P. 18 & 20. If plaintiff seeks relief for these
20 claims, he must file a separate civil rights action or actions.

**CONCLUSION**

21
22     1.    Plaintiff's complaint states cognizable claims for: (1) retaliation against S. Burris, J.
23 Frisk, and R. Tupy; and (2) denial of due process against R. Tupy. The Clerk shall terminate all
24 other defendants.
25     2.    Plaintiff's due process and retaliation claims arising from his hunger strike are
26 dismissed without prejudice to filing in another action or actions.
27     3.    Plaintiff's claims for denial of due process against S. Burris and J. Frisk are
28 dismissed with leave to amend to remedy the deficiencies noted above, if plaintiff can truthfully

do so. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-2506 JST (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claims will be dismissed.**

4. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight days** from the date of this Order.

5. The Clerk of the Court is directed to send plaintiff a blank civil rights complaint form with his copy of this Order.

6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, all attachments thereto, and a copy of this Order on **Officer S. Burris**, **Sergeant J. Frisk**, and **Lieutenant R. Tupy** at **Pelican Bay State Prison**. The Clerk shall also mail a courtesy copy of this Order to the California Attorney General's Office.

7. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **90 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.

1   Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

2        b. Plaintiff's opposition to the summary judgment or other dispositive motion
3   must be filed with the Court and served upon defendants no later than **28 days** from the date the
4   motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
5   provided later in this Order as he prepares his opposition to any motion for summary judgment.
6   Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-
7   exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

8        c. Defendants **shall** file a reply brief no later than **14 days** after the date the
9   opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No
10  hearing will be held on the motion.

11      8. Plaintiff is advised that a motion for summary judgment under Rule 56 of the
12  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
13  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
14  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
15  any fact that would affect the result of your case, the party who asked for summary judgment is
16  entitled to judgment as a matter of law, which will end your case. When a party you are suing
17  makes a motion for summary judgment that is properly supported by declarations (or other sworn
18  testimony), you cannot simply rely on what your complaint says. Instead, you must set out
19  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
20  as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and
21  documents and show that there is a genuine issue of material fact for trial. If you do not submit
22  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
23  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v.
24  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

25     Plaintiff also is advised that a motion to dismiss for failure to exhaust available
26  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
27  prejudice. You must "develop a record" and present it in your opposition in order to dispute any
28  "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d

6

1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

9. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

11. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

12. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: November 3, 2013

_____
JON S. TIGAR
United States District Judge