United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

  Plaintiff,

  v.

S. BURRIS, et al.,

  Defendants.

Case No. 13-cv-02506-JST (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Re: Dkt. No. 16

  Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed a pro se complaint under 42 U.S.C. § 1983. On November 4, 2013, the Court found that plaintiff stated a cognizable claim for retaliation against PBSP Officer S. Burris, PBSP Sgt. J. Frisk, and PBSP Lt. R. Tupy. The Court also found that plaintiff had stated a cognizable claim for due process violations against R. Tupy. The Court found that plaintiff's due process claim against S. Burris and J. Frisk was not cognizable, and dismissed the claim with leave to amend.

  Now before the Court is plaintiff's motion for leave to file a first amended complaint ("FAC"). He has submitted a proposed FAC with the motion. As noted above, plaintiff was already granted leave to amend in the Court's November 4, 2013 order of partial service. Accordingly, plaintiff's motion is GRANTED. The FAC is now the operative pleading and is before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A. <u>Standard of Review</u>

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

   1.   Retaliation Claim against S. Burris, J. Frisk, and R. Tupy

Plaintiff alleges that on March 22, 2011 he filed an inmate grievance against PBSP Institutional Gang Investigator ("IGI") Officer S. Burris. According to the complaint, plaintiff filed the grievance in order "to try and get documentation of plaintiff's ineligibility for an 'inactive' gang status review." (FAC at 2.) Plaintiff alleges that the CDCR's "inactive gang status review process" is non-mandatory. (Id.) Plaintiff claims that Officer S. Burris, along with PBSP IGI Sgt. J. Frisk, and PBSP Lt. R. Tupy, retaliated against him for filing the inmate grievance by threatening and coercing plaintiff to participate in the inactive gang status review process, confiscating various writings and a drawing belonging to plaintiff, and issuing a false rules

2

1  violation report ("RVR") accusing plaintiff of promoting gang activity.

2  Liberally construed, plaintiff's allegations state cognizable retaliation claims under section
3  1983 against S. Burris, J. Frisk, and R. Tupy because it is well established that prison officials
4  may not retaliate against prisoners for filing inmate grievances. See Rhodes v. Robinson, 408
5  F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

6      2.    Due Process Claim against R. Tupy

7  Plaintiff also claims that R. Tupy violated plaintiff's due process rights by finding him
8  guilty of promoting gang activity at the RVR hearing, which finding was not supported by "some
9  evidence." (FAC at 19.) Plaintiff was found guilty after the disciplinary hearing and assessed a
10 thirty-day forfeiture of credit.

11 The process due in a prison disciplinary proceeding includes written notice, time to prepare
12 for the hearing, a written statement of decision, allowance of witnesses and documentary evidence
13 when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are
14 complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). Due process also requires that there
15 be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445
16 472, 454 (1985). The Due Process Clause only requires that prisoners be afforded those
17 procedures mandated by Wolff and its progeny; it does not require that a prison comply with its
18 own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

19 Liberally construed, the allegations of the complaint state a section 1983 claim against R.
20 Tupy for violating plaintiff's right to due process.

21     3.    Due Process Claim against S. Burris and J. Frisk

22 Plaintiff also claims that: (1) S. Burris violated plaintiff's due process rights by failing to
23 provide plaintiff with notice that the confiscated materials were prohibited (FAC at 13); (2) S.
24 Burris and J. Frisk violated plaintiff's due process rights by "failing to provide plaintiff with any
25 notice that the inactive gang status review is a mandatory process" (FAC at 4); and (3) S. Burris
26 violated plaintiff's due process rights by failing to "provide plaintiff notice that plaintiff could be
27 issued an [] RVR for promoting gang activity" (FAC at 17). Regarding the last claim, plaintiff
28 alleges that the promotion of gang activity is not specifically listed in the California Code of

Regulations.  (Id.)

Due process requires fair notice of prohibited conduct before a sanction can be imposed. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996).  This principle applies within the prison setting.  See id. at 117-18.  A prisoner may not be disciplined without having committed a violation of known policy or procedure.

Liberally construed, plaintiff's claim that S. Burris failed to provide notice that the confiscated materials were prohibited states a due process claim.  See Newell, 79 F.3d 115 (9th Cir. 1996) (prison regulations proscribing possession of unauthorized material unduly vague as applied to petitioner because it did not give him notice that possession of legal documents he had created for another inmate were forbidden).  Liberally construed, plaintiff's claim that S. Burris failed to provide notice that he could be issued an RVR for promoting gang activity also states a due process claim.  The Court understands plaintiff to be alleging that the regulations were unduly vague as applied to his activities.  See Rios v. Lane, 812 F.2d 1032, 1038 (7th Cir. 1987) (prison regulation prohibiting gang activities unduly vague as applied to petitioner where, aside from the sparse text of the rule, "no material whatsoever was available to Rios describing what conduct was prohibited by the Rule").

Plaintiff's claim that S. Burris and J. Frisk failed to provide him with notice that the inactive gang status review is a mandatory process does not, however, state a due process claim. The Court first notes that the claim does not make sense, in that plaintiff alleges elsewhere in the FAC that the inactive gang status review process is non-mandatory.  (FAC at 2.)  Moreover, plaintiff has not identified a sanctionable act for which he was allegedly deprived notice.  Rather, he only identifies an internal procedure of the prison for which he was allegedly deprived notice. Failing to notify prisoners of internal procedures does not violate any constitutional right or other provision of federal law cited by plaintiff or known to the Court.  Therefore, plaintiff's due process claim premised on the alleged failure to notify him that inactive gang status review is mandatory is dismissed.  Dismissal is without leave to amend because plaintiff has been given an opportunity to amend this claim and it appears that further amendment would be futile.  As noted above, plaintiff may proceed on his claim that defendants retaliated against him by allegedly

4

forcing him to participate in the process.

In sum, liberally construed, plaintiff's allegations state cognizable section 1983 claims **against S. Burris, J. Frisk, and R. Tupy** for retaliation; and **against S. Burris and R. Tupy** for due process violations. Plaintiff's due process claim against J. Frisk is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion for leave to file an amended complaint is GRANTED. The Clerk shall FILE plaintiff's proposed FAC. (Dkt. 17).

2. The briefing schedule set forth in the Court's order dated November 4, 2013 is VACATED.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **90 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the

1    opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
2    hearing will be held on the motion.

3        4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

        Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        (The <u>Rand</u> and <u>Wyatt</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

        5.      All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to

6

defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated: January 14, 2014

_____
JON S. TIGAR
United States District Judge